TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB (Cal. Bar No. 283421)
Assistant United States Attorney
Acting Chief, Criminal Division
TARA B. VAVERE (Cal. Bar No. 279470)
Assistant United States Attorney
Asset Forfeiture and Recovery Section
    1200/1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-1259/5901
    Facsimile: (213) 894-6269
    E-mail:   Alexander.Schwab@usdoj.gov
            Tara.Vavere@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>        v.<br><br>BRUCE CHOI,<br><br>       Defendant. | No. 2:25-cr-00799-MWC<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT; DECLARATION OF PIO S. KIM<br><br>**CURRENT TRIAL DATE: 05/18/26**<br>**PROPOSED TRIAL DATE: 10/19/26** |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Alexander B. Schwab and Tara B. Vavere, and defendant Bruce Choi, both individually and by and through his counsel of record, Pio S. Kim, hereby stipulate as follows:

1.   The Indictment in this case was filed on October 1, 2025. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on March 18, 2026.  The

Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before May 27, 2026.

2.   On March 26, 2026, the Court set a trial date of May 18, 2026, and a pretrial conference date of May 8, 2026.

3.   Defendant is released on bond pending trial.  The parties estimate that the trial in this matter will last approximately two to four days.

4.   By this stipulation, defendant moves to continue the trial date to October 19, 2026 and the pretrial conference to October 9, 2026.  This is the first request for a continuance.

5.   Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act.

a.   Defendant is charged with violations of 18 U.S.C. § 1343 (wire fraud affecting a financial institute) and 18 U.S.C. § 1957 (transactional money laundering).  He is also subject to criminal forfeiture allegations concerning various previously seized property.  Discovery includes over 1,600 Bates pages of materials, including dense financial records and technical computer-related data.

b.   On April 15, 2026, defendant's current counsel substituted in as counsel of record.  Per his declaration, which is attached in support of this stipulation, defense counsel estimates that he needs at least six months to adequately prepare for trial in this matter, including retention and consultation with experts.

c.   In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the

case, conduct and complete additional legal research including for potential pretrial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d.   Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

e.   The government does not object to the continuance.

f.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

6.   For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of May 18, 2026 to October 19, 2026, inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(i), (B)(ii) and (B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and failure to grant the continuance would unreasonably deny defendant continuity of

counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7.   Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: April 21, 2026                Respectfully submitted,

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

_____
TARA B. VAVERE
Assistant United States Attorney
Asset Forfeiture & Recovery Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am defendant Bruce Choi's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision

4

I am defendant Bruce Choi's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than October 19, 2026 is an informed and voluntary one.

_____          April 21, 2026
PIO S. KIM
Attorney for Defendant
BRUCE CHOI

I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date and give up my right to be brought to trial earlier than May 18, 2026. I understand that I will be ordered to appear in Courtroom 6A of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on May 18, 2026 at 8:30 a.m.

_____          April 20, 2026
BRUCE CHOI
Defendant